UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALI ZAREI,

        *Plaintiff*,

  v.

ANTONY BLINKEN,
Secretary of State, et al.,

        *Defendants*.

Civil Action No. 1:21-cv-02102 (CJN)

### ORDER

This matter is before the Court on Plaintiff's Motion for a Temporary Restraining Order, ECF No. 15, which was filed just six days ago. Upon review of the filings in this case, and no Party having requested a hearing, *see* ECF No. 17, it is **ORDERED** that the motion is **DENIED** for the following reasons.

The Court considers Plaintiff's Motion under the traditional framework explained in *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008). Plaintiff must demonstrate that (1) he is likely to succeed on the merits, (2) he is likely to suffer an irreparable injury absent injunctive relief, and (3) his equitable interest and the public's interest, on balance, favor an injunction. *See id.*; *Nken v. Holder*, 556 U.S. 418, 435 (2009) (explaining the last two factors of the traditional injunction framework merge when the government is the opposing party). Preliminary injunctive relief "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

Plaintiff has failed to make this showing for several reasons. *First,* Plaintiff has not sufficiently articulated his theory of the merits. Plaintiff's brief asserts that, "[a]s explained

1

above," "Plaintiff has a right to have his [diversity] visa application processed in accordance with the INA, the Defendants have a clear and non-discretionary duty to adjudicate his [Diversity] visa application, and without relief Plaintiff will lose his opportunity to immigrate, and this court will be unable to offer adequate relief." ECF No. 16 at 5.  But the brief contains no such explanation—either above that conclusory statement, or below it.  *See id.* at 1–6.  To the extent Plaintiff even attempts to present an argument, he merely quotes from decisions by other judges in other visa application cases, rather than present a reasoned explanation for why he has a likelihood of success on *his* claims (let alone why injunctive relief is appropriate).  *See, e.g.*, ECF No. 21 at 1–6.

*Second*, Plaintiff has failed to contest a number of arguments presented by Defendants.  In their Memorandum in Opposition to the Motion for a Temporary Restraining Order and Mandatory Injunction, Defendants responded to Plaintiff's motion, articulating several theories about why Plaintiff had not established a likelihood of success on the merits (and was not otherwise entitled to relief).  ECF No. 19.  Plaintiff filed a reply, but largely ignored those arguments.  "[W]hen a plaintiff files a response to a motion . . . but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded[.]"  *See, e.g.*, *Lockhart v. Coastal Int'l Sec., Inc.*, 905 F. Supp. 2d 105, 118 (D.D.C. 2012) (quotation omitted); *see also Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir.1997) ("Where the district court relies on the absence of a response as a basis for treating the motion as conceded, we honor its enforcement of the rule.").

*Third*, Plaintiff has not shown that Defendants have a non-discretionary duty to adjudicate his visa application before September 30, 2021.  Plaintiff quotes and attaches as exhibits to his filings several cases that have concluded that such a duty exists, typically relying on 8 U.S.C. § 1202(b).  *See, e.g.*, *Filazapovich v. Dep't of State*, 2021 WL 4127726, at *17 (D.D.C. Sept. 9,

2021); *Gomez v. Biden*, 2021 WL 3663535, at *20 (D.D.C. Aug. 17, 2021); *Kassem v. Blinken*, 2021 LEXIS 183515, *2 (E.D. Cal. Sept. 24, 2021). That statutory provision ends with the sentence, "All immigrant visa applications shall be reviewed and adjudicated by a consular officer"—which some courts have read to impose a non-discretionary duty to review diversity visa applications. That does not appear to be the best reading of that provision. Instead, read in context, the sentence appears to concern *who* reviews visa applications rather than whether all such applications must be reviewed (much less be reviewed by a certain time). After all, Section 1202(b) addresses the documentary evidence required to obtain a visa and authorizes consular officers to excuse the documentary requirements in certain circumstances. *Id.* The final sentence thus appears to require that all visa applications that are reviewed must be reviewed by a consular officer rather than some other person, because they will then not be rejected simply because a non-consular officer reviewed the application and was not able to excuse a missing document. *See also* 8 U.S.C. § 1104(a) (noting consular officers have the authority grant or refuse visas). Nor does this sentence mention anything about the timing of such a review. And if this sentence did create the type of duty suggested by Plaintiff, one would expect it to be in a statutory section addressing the Diversity Visa program rather than buried in a provision discussing the necessary documents needed for a visa application generally. If this sentence did impose the duty suggested by Plaintiff, it would truly be the proverbial elephant in a mousehole. *See Whitman v. Am. Trucking Assns., Inc.*, 531 U.S. 457, 468 (2001) ("Congress, we have held, does not alter the fundamental details of a regulatory scheme in vague terms or ancillary provisions—it does not, one might say, hide elephants in mouseholes.").

*Fourth*, Plaintiff has not demonstrated that the adjudication of his application has been unlawfully delayed. Plaintiff relies on cases in which preliminary injunctions were granted to

plaintiffs whose diversity visa applications were severely delayed as a result of Presidential Orders or responses to the COVID-19 pandemic.  Here, Plaintiff does not appear assert that such delays caused his application to be unlawfully delayed.  Rather, he obliquely refers to an unexplained "computer glitch with Defendants' Consular Electronic Application Center[] system."  ECF No. 16 at 2.  It is hardly apparent that such an assertion, without more, states a claim, much less justifies extraordinary relief.

*Fifth*, Plaintiff has made an insufficient showing of irreparable harm.  Even assuming Plaintiff has demonstrated he would be irreparably harmed if his application were never adjudicated, he has not demonstrated that the present injunction is necessary to prevent that harm.  Assuming for the moment that Plaintiff ultimately prevails on one of his claims, he has not demonstrated that the Court could not, at that time, provide him with full relief.  Plaintiff cites *Ibe Mogu v. Chertoff*, 550 F. Supp. 2d 107, 109 (D.D.C. 2008), apparently for the proposition that an injunction is necessary to prevent the case from becoming moot after September 30.  But *Ibe Mogu* does not discuss whether a pre-deadline injunction is necessary to prevent an applicant from suffering irreparable harm; it instead holds that the requested relief is beyond the power of the court given the strict provisions of the INA.

Defendants, for their part, discuss the Court of Appeals' most relevant case on this question, *Almaqrami v. Pompeo*, 933 F.3d 774, 780 (D.C. Cir. 2019).  In *Almaqrami*, the Court of Appeals noted that, when considering a diversity visa applicant's request for an injunction after the statutory deadline, "Courts faced with this situation have dismissed these lawsuits as moot." *Id.* at 780 (collecting cases).  But those cases addressed the *merits* of claims to post-deadline relief, not a limit on the Court's equitable authority based on the timing of any judgment.  Plaintiff's claims very well may be moot after September 30, 2021—the Court does not now rule one way or

4

the other on that question. But Plaintiff has not made a "clear showing" that they will be, *Mazurek*, 520 U.S. at 972, or that that is a sufficient reason to grant equitable relief now.

*Sixth*, Plaintiff filed this action on August 4, 2021, but waited until the evening of Friday, September 24, 2021, to move for an injunction that could require Defendants to complete the adjudication of Plaintiff's visa application by today. This "extensive delay in seeking a preliminary injunction weighs heavily against a finding of irreparable harm." *Maldonado v. District of Columbia*, 2019 WL 6877913, at *3 (D.D.C. Dec. 16, 2019) (citing *Fund for Animals v. Frizzell*, 530 F.2d 982, 987 (D.C. Cir. 1975) (concluding delay of 44 days in seeking an injunction was "inexcusable")). Even assuming it is possible to adjudicate Plaintiff's visa before the end of the day, that step would necessarily displace at least one other application. Indeed, in one case on which Plaintiff relies, the court required Defendants to "undertake good-faith efforts, directly and through their designees, to expeditiously process and adjudicate DV–2021 applications . . . by September 30, 2021," but expressly did *not* order the prioritization of applications from plaintiffs in that case over other applicants. *See Filazapovich v. Dep't of State*, 2021 WL 4127726, at *26 (D.D.C. Sept. 9, 2021) (citing *Gomez v. Biden*, 2021 WL 3663535, at *24 (D.D.C. Aug. 17, 2021) (declining to prioritize named plaintiffs over class members out of "respect [for] Congress's decision that the processing of diversity visas proceed in a random order")). The Court does not find it equitable, or in the public interest, to disrupt ongoing diversity visa adjudications by placing Plaintiff at the front of the line.

*Seventh*, Plaintiff has not demonstrated that reserving a DV2021 number for his exclusive use after September 30, 2021—the second form of relief he seeks—is within the power of the Court. Such relief appears to be directly at odds with the INA, which provides that aliens selected in the Diversity Visa lottery "shall remain eligible to receive such visa only through the end of the

5

specific fiscal year for which they were selected." 8 U.S.C. § 1154(a)(1)(I)(ii)(II); *see also* 8 U.S.C. § 1153(e)(2); 22 C.F.R. § 42.33(a)(1) ("Under no circumstances may a consular officer issue a visa or other documentation to an alien after the end of the fiscal year during which an alien possesses diversity visa eligibility."). The Supreme Court has made clear that even "when district courts are properly acting as courts of equity, they have discretion unless a statute clearly provides otherwise." *United States v. Oakland Cannabis Buyers' Co-Op*, 532 U.S. 483, 496 (1983); *see also United States ex rel. Newman v. City & Suburban Ry. of Wash.*, 42 App. D.C. 417, 420–21 (D.C. Cir. 1914) ("The writ of mandamus will not issue to compel the performance of that which cannot be legally accomplished."). As with many of Defendants' arguments, Plaintiff did not reply to Defendants' arguments on this ground.

For the above reasons the Plaintiff's Motion for a Temporary Restraining Order, ECF No. 15, is **DENIED**. The Court will consider the Motion to Dismiss in accordance with the existing briefing schedule.

DATE: September 30, 2021

_____
CARL J. NICHOLS
United States District Judge

6